

The following constitutes the order of the Court.
Signed: August 15, 2019

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Miscellaneous Proceeding No. 19-403 |
| STEVEN WAYNE BONILLA, | **ORDER BARRING PETITIONER STEVEN WAYNE BONILLA FROM FILING INVOLUNTARY BANKRUPTCY PETITIONS** |
| Petitioning Creditor. | |

Petitioner Steven Wayne Bonilla, a death row inmate incarcerated at San Quentin prison, has submitted more than 100 involuntary bankruptcy petitions to this court. The petitions name various state and federal employees, judges, prosecutors, and three California counties as debtors who/which purportedly owe Bonilla tens of billions of dollars in damages for their collective refusal to address and acknowledge his claimed wrongful conviction. To date, this court has not filed these involuntary petitions due to the nature of Bonilla's claims. The court also noted that Bonilla had failed to pay any filing fee, and it denied his IFP request. Instead, this court established the above titled miscellaneous proceeding and issued an order which, among other things, required Bonilla to demonstrate why the United States Bankruptcy Court for the Northern District of California should not bar him from filing any involuntary petition without the express approval of the chief bankruptcy judge of this district (the July 2nd Order).

Bonilla responded to the court's July 2nd Order with a manifesto detailing the perceived constitutional and statutory violations which require the reversal of his criminal conviction. Bonilla argues that each judge who failed to redress his conviction "is properly responsible for the consequences, as well as the parties who corruptly conspired with a judge in connection with such

**UNITED STATES BANKRUPTCY COURT**
**For The Northern District Of California**

1

ORDER

conduct, they may be held liable. And all persons concerned in executing such judgments, or sentences, are considered in law as trespassers which makes them party of the conspiracy." [citations omitted.][1]" For Bonilla, the result of this trespass is billions of dollars in damages against each complicit party.

Bonilla's involuntary bankruptcy petitions are naked attempts to collaterally attack his criminal conviction, which he has fully appealed and further challenged via federal and state *habeas corpus* petitions. As such, he has submitted them in bad faith. The United States Supreme Court and the U.S. Court of Appeals for the Ninth Circuit have consistently expressed a "deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings." *In re Gruntz,* 202 F.3d 1074, 1084 (9th Cir. 2000)(citing cases). As the Ninth Circuit noted, "There is, of course, a federal remedy for state court convictions obtained in violation of Constitution or statute: a writ of habeas corpus. *See*, *e.g.*, 28 U.S.C. §§ 2241, 2254. The federal habeas corpus statute was 'explicitly and historically designed to provide the means for a state prisoner to attack the validity of his confinement.' An adversary proceeding in bankruptcy is not." *Id*. at 1086. Bankruptcy Courts are courts of limited jurisdiction, and this court cannot address the merits of Bonilla's appellate and habeas arguments in the context of an involuntary bankruptcy petition against the judges, prosecutors, clerks of court and other officials who directly or indirectly participated in those criminal proceedings. Nor can this court, as Bonilla requests, order his immediate release from custody. Moreover, Bonilla cannot assert a claim for damages arising from a wrongful criminal conviction when the conviction remains intact. *Heck v. Humphrey,* 512 U.S. 477, 484-88 (1994); *Bonilla v. Lively* (N.D. Cal. Case No. C 11-3180 CW October 25, 2011). Bonilla's claims are, charitably stated, subject to bona fide dispute, rendering his petitions facially defective under Bankruptcy Code §303.

In addition, and certainly on a more mundane level, Bonilla must pay a filing fee to file an involuntary petition. Bonilla's request for fee relief under 28 U.S.C. §1915 is unavailing, since a

---

[1] The court quotes from a submission it received from Bonilla on August 8, 2019. Bonilla claims that the trial and appellate courts have all erred in refusing to find that there was no subpoena for his telephone records, which presumably linked him to the crimes for which he was convicted.

bankruptcy court is not a "Court of the United States" under this code section. *In re Perroton,* 958 F.2d 889, 891 (9th Cir. 1992); *In re Allen,* 2009 Bankr. LEXIS 2122, *5-6 (Bankr. D. Idaho 2006).[2] In addition, Bonilla's arguments regarding his right to access the courts and for appointed counsel in these filings are not supported by law. *See United States v. Kras* 409 U.S. 434, 446-47 (1973); *In re Parker*, 2012 Bankr. LEXIS 4311, *6-8 (Bankr. D. Vermont 2012); *In re Sullivan,* 455 B.R. 829, 836 (B.A.P. 1st Cir. 2011); *In re Allen,* 2007 Bankr. LEXIS 313 (Bankr. W.D. Tx. 2007).

A bankruptcy court may bar a debtor from filing subsequent bankruptcy petitions so long as the court 1) provides the debtor with adequate notice of the proposed bar, and an opportunity for a hearing on the matter; 2) facilitates the development of an adequate record enumerating the debtor's abusive activities; 3) determines that the debtor's positions were frivolous or were brought with the intent to harass other parties and 4) narrowly tailors the remedy to deter the debtor's specific misconduct. *In re Jones*, 2016 Bankr. LEXIS 1837, *30-31 (Bankr. 9th Cir. 2016). The third and fourth factors require this court to consider (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Ibid.,* citing *Safir v. U.S. Lines, Inc.,* 792 F.2d 19, 24 (2nd Cir. 1986). This standard applies equally to Bonilla's bad faith attempts to file involuntary bankruptcy petitions. Bonilla has no legitimate expectation of prevailing in an involuntary bankruptcy proceeding, he has been declared a vexatious litigant by other federal courts, this court has no jurisdiction to consider the merits of his conviction, and a pre-filing bar is necessary to protect the objects of his vitriol from the financial consequences of a frivolous involuntary bankruptcy filing. Bonilla has not provided any persuasive countervailing reasons why he should not be barred from further filings in this court. Accordingly,

**IT IS HEREBY ORDERED** that Steven Wayne Bonilla is barred from filing any

---

[2] This court need not reach the other impediments that § 1915 creates for Bonilla.

3

**ORDER**
Case: 19-00403   Doc# 11   Filed: 08/15/19   Entered: 08/16/19 14:44:59   Page 3 of 5

involuntary bankruptcy petition in the United States Bankruptcy Court for the Northern District of California without prior authorization from the Chief Bankruptcy Judge. The Clerk of the Court shall not file any involuntary petition submitted by Bonilla to the United States Bankruptcy Court for the Northern District of California, and instead shall promptly submit the involuntary petition to the Chief Bankruptcy Judge for his or her review. The Clerk is directed to return, without filing, all involuntary petitions Bonilla has submitted to date. *See e.g. Steven Wayne Bonilla v. Brian E. Hill* (Case No. 18-cv-03141-VC, N.D. Cal. June 20, 2018).

**\* \* \* END OF ORDER \* \* \***

MP No. 19-403

**COURT SERVICE LIST**

Steven Wayne Bonilla
J. 48500
3-EY-13
San Quentin, CA 94974

Other recipients are ECF participants